IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-03162-BNB

JAVAY LYNCH,

    Plaintiff,

v.

TOM CLEMENT, Executive Director (CDOC),
LT. KEN TOPLESS, Hearing Officer,
LT. LINDA WORTHEN,
LT. VALARIE CRAIG, Disciplinary Officer,
MJR. FREDIN L. MIKLICH, and
RAE TIMME, Warden,

    Defendants.

## ORDER OF DISMISSAL

Plaintiff, Javay Lynch, is a prisoner in the custody of the Colorado Department of Corrections who currently is incarcerated at the correctional facility in Limon, Colorado. Mr. Lynch, acting *pro se*, filed a Prisoner Complaint for money damages pursuant to 42 U.S.C. § 1983 challenging the validity of his disciplinary conviction.

Mr. Lynch has been granted leave to proceed pursuant to the federal *in forma pauperis* statute, 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous, malicious, or seeks monetary relief against a defendant who is immune from such relief. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989). Under § 1983, a plaintiff must allege that the defendants

have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. *Adickes v. S. H. Kress & Co*, 398 U.S. 144, 150 (1970).

Mr. Lynch's ability to file a civil action or appeal in federal court *in forma pauperis* pursuant to § 1915 may be barred if he has three or more actions or appeals in any federal court that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(g). Under § 1915(g), the Court may count dismissals entered prior to the enactment of this statute. *Green v. Nottingham*, 90 F.3d 415, 420 (10th Cir. 1996).

The Court must construe Mr. Lynch's complaint liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. However, the Court does not act as an advocate for a *pro se* litigant. *See id.* For the reasons stated below, the complaint and the action will be dismissed.

Mr. Lynch alleges that Defendants intentionally falsified the disposition of charges for his prison disciplinary conviction in violation of his Fourteenth Amendment rights to due process and equal protection. He fails to allege on what disciplinary charges he was convicted or what sanction, such as loss of good-time credits or privileges, he received.

In any event, to the extent Mr. Lynch is challenging the veracity of the disposition of charges for his disciplinary conviction, he is challenging the conviction itself. Mr. Lynch may not pursue his request for monetary relief against Defendants based on the allegedly false disposition of charges pertinent to his disciplinary conviction because Plaintiff has not shown that the disciplinary conviction has been overturned or otherwise invalidated. Even if Mr. Lynch's claims for damages were asserted in a § 1983 action, the claims are barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994). Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87. This rule is also applicable to prison disciplinary convictions. *See Edwards v. Balisok*, 520 U.S. 641, 643 (1997). Mr. Lynch does not allege, and nothing in the Court file indicates, he has invalidated his disciplinary conviction through a writ of habeas corpus.

Therefore, the Court finds that Mr. Lynch's claims challenging the validity of his prison disciplinary conviction are barred by the rule in *Heck*, and must be dismissed. The dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996). However, a *Heck* dismissal counts as a strike under § 1915(g). *See Hafed v. Federal Bureau of Prisons*, 635 F.3d 1172, 1177-78 (10th Cir. 2011).

Finally, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438

(1962).  If Mr. Lynch files a notice of appeal he also must pay the full $455.00 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24.

Accordingly, it is

ORDERED that the Prisoner Complaint and the action are dismissed without prejudice as barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.  It is

FURTHER ORDERED that any pending motions are denied as moot.

DATED at Denver, Colorado, this  29th  day of   March  , 2013.

BY THE COURT:


  s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court